## Daley's Blue Line Transfer Co. v. Richards Sportswear Co., Inc.

*David E. Mellenberg*, for plaintiff.
*Maxwell E. Davison*, for defendant.

WIEAND, J., March 30, 1965.—This is an action to recover for the trucking of goods by the plaintiff at the instance of the defendant. The charges made, it is alleged, are authorized by and in accordance with rates established by the Interstate Commerce Commission. The defendant filed various preliminary objections to the complaint but has chosen to press only its motion to strike, which complains of plaintiff's failure to attach to the complaint a copy of the schedule of rates approved by the Interstate Commerce Commission.

We believe that this objection is not well taken. The manner of pleading an official document or official act is established by Pa. R. C. P. No. 1019 (d), which provides that it is sufficient to identify the same by reference and aver that the document was issued or the act done in compliance with law: Eget v. Pennsylvania Power & Light Co., 49 Luz. 147; Marnell v. Mount Carmel Joint School System and Joint School Committee, 24 Northumb. 210, 214.

No real purpose will be served by requiring the plaintiff to attach to the complaint a copy of this rate schedule. If the defendant wishes to deny that the rates charged are the rates authorized by the Interstate Commerce Commission, it will have no difficulty in identifying or pleading the official document upon which it bases its defense. By requiring a specific denial both brevity of pleading and accuracy in framing issues will be assured. See Goodrich-Amram, §1019 (d) -1.

### Order

And now, March 30, 1965, the defendant's preliminary objections are dismissed and it is directed to file an answer on the merits within twenty (20) days after service of a copy of this order upon its counsel.